IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-18-D

| | |
|---|---|
| WILLIAM C. STILLWAGON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| INNSBROOK GOLF & MARINA, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

On May 4, 2012, plaintiff filed a second amended complaint, alleging two claims against defendants [D.E. 47]. On June 1, 2012, defendants Rial Corporation and Innsbrook Golf & Marina, LLC filed an answer to the second amended complaint [D.E. 51]. On July 27, 2012, defendants Alois Rieder and Richard Rieder filed, among other motions, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) [D.E. 59–60]. On August 15, 2012, defendants Rial Corporation and Innsbrook Golf & Marina, LLC moved to join to the motion for a more definite statement [D.E. 63]. The United States District Court for the Western District of Pennsylvania granted the motion to join, [D.E. 74], but deferred ruling on the motion for a more definite statement because the matter was being transferred to this court. See [D.E. 70] 57 n.44.

On April 3, 2013, after the matter was transferred to this court, defendants Rial Corporation, Innsbrook Golf & Marina, LLC, Alois Rieder, and Richard Rieder renewed their motion for a more definite statement [D.E. 76] and also filed a memorandum in support [D.E. 78]. On April 23, 2013, plaintiff filed a response in opposition [D.E. 89]. Defendants replied [D.E. 92].

As a threshold issue, a motion for a more definite statement under Rule 12(e) "must be made before filing a responsive pleading." Fed. R. Civ. P. 12(e) (emphasis added). An answer to a complaint is a responsive pleading. See Fed. R. Civ. P. 7(a)(2). Here, defendants Rial Corporation and Innsbrook Golf & Marina, LLC filed an answer to the second amended complaint before filing the Rule 12(e) motion. Thus, as to defendants Rial Corporation and Innsbrook Golf & Marina, LLC, the Rule 12(e) motion is denied as untimely.

A party may file a Rule 12(e) motion in response to "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A court should deny a Rule 12(e) motion "when the complaint conforms to [Federal Rule of Civil Procedure 8] and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973); see Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348–49 (4th Cir. 2005); MDM Grp. Assocs. v. Emerald Isle Realty, Inc., No. 2:07-CV-48-D, 2008 WL 2641271, at *2–3 (E.D.N.C. July 1, 2008) (unpublished). The court has reviewed plaintiff's second amended complaint and concludes that it satisfies the requirements of Rule 8, as well as Rule 12(b)(6). See Chao, 415 F.3d at 349 & n.3. Defendants' arguments are more properly explored during discovery and made at summary judgment. Thus, as to all defendants, the Rule 12(e) motion is denied.

In sum, defendants' motion for a more definite statement [D.E. 76] is DENIED.

SO ORDERED. This _6_ day of June 2013.

JAMES C. DEVER III
Chief United States District Judge

2