## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION

### No. 2:13-CV-00018-D

| | |
|---|---|
| WILLIAM C. STILLWAGON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| INNSBROOK GOLF & MARINA, LLC, | ) |
| *also known as Innsbrook Golf & Boat, LLC,* | ) |
| *a North Carolina Limited Liability Corporation,* | ) |
| RIAL CORPORATION, *a North Carolina* | ) |
| *Corporation,* ALOIS RIEDER, *an adult individual,* | ) |
| and RICHARD RIEDER, *an adult individual,* | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's and Defendants' Motions to Compel, [DE-115,

-121],[1] to which the parties have filed supportive and responsive briefing,[2] [DE-116, -117, -118, -

119, -122, -124, -125, -126, -127, -128, -131]. The motions were referred to the undersigned for

review and decision pursuant to 28 U.S.C. § 636(b)(1)(A). [DE-130]. For the reasons set forth

below, Defendants' motion to compel is granted in part and denied in part and Plaintiff's motion to

compel is denied.

## I. BACKGROUND

In 1980, Plaintiff William Stillwagon ("Plaintiff" or "Stillwagon"), a Pennsylvania resident,

---

[1] On March 24, 2014, the court granted Defendants' motion to supplement their pending motion to compel. [DE-132]. Defendants' motion to compel, originally reflected as [DE-115], is now reflected as [DE-120-4].

[2] In support of Defendants' motion to compel, Defendants each filed a supporting memorandum [DE-116 through 119] with shared exhibits [DE-115-1 through 115-15]. Plaintiff filed a response in opposition. [DE-124].

    In support of Plaintiff's motion to compel, Plaintiff filed a supporting memorandum [DE-122] with attached exhibits. Defendants filed a response in opposition. [DE-131]. The docket indicates the response was filed by Rial and the Rieders. However, the court construes the response to be by all Defendants, including Innsbrook.

began assisting Alois Rieder and Richard Rieder ("Rieders" or "individual Defendants"), two Austrian businessmen, and their companies with multiple real estate transactions, which included the purchase, development, and resale of numerous properties in North Carolina. One property in which Plaintiff assisted in the purchase and development is the Innsbrook Golf & Marina located in Bertie County, North Carolina. Plaintiff and the Rieders terminated their business relationship via a Severance and Release Agreement ("Agreement") on November 9, 2009.[3] [DE-47-1]. On May 5, 2012, Plaintiff filed a Second Amended Complaint in the Western District of Pennsylvania asserting, *inter alia*, breach of contract regarding terms of the Agreement.[4] [DE-47]. Plaintiff seeks $900,000.00 in damages related to this cause of action. Plaintiff alleges a second cause of action, in the alternative, for breach of oral contract concerning Plaintiff's "work and management of the 900-acre land development [at Innsbrook]." [DE-47] ¶ 57. On June 1, 2012, Defendants Rial Corporation ("Rial") and Innsbrook Golf & Marina, LLC ("Innsbrook") (collectively "Corporate Defendants") filed an answer to the Second Amended Complaint which asserted, *inter alia*, defenses and numerous counterclaims arising from Plaintiff's alleged mishandling of their real estate development projects, several of which sought recision of the Agreement. [DE-51]. On June 21, 2012, Plaintiff filed a Motion to Dismiss the Corporate Defendants' counterclaims. [DE-54]. On July 27, 2012, the Rieders filed a Motion to Transfer Case, [DE-59], and the Corporate Defendants moved to join the Rieder's motion, [DE-63]. The United States District Court for the Western District of Pennsylvania granted the motion to join and the motion to transfer and dismissed certain

---

[3] The Agreement was entered into by Plaintiff and Alois Rieder, "individually and as authorized representative of Richard Rieder, Rial Corporation, Innsbrook Golf & Boat, LLC, Seg Anstalt, Nufin Anstalt, Watersprings Development, and All Seasons Development, Inc." [DE-47-1].

[4] This case was originally filed by Plaintiff in Pennsylvania state court before being removed to federal court in Pennsylvania. Plaintiff has amended his pleadings twice since removal to federal court.

2

counterclaims asserted by Corporate Defendants.[5] [DE-74]. On March 25, 2013, the matter was transferred to the Eastern District of North Carolina. [DE-72]. On June 20, 2013, this court entered a scheduling order regarding discovery and other deadlines in the matter.[6] [DE-95]. Thereafter, on June 20, 2013, Defendants collectively filed an amended answer to the Second Amended Complaint and reasserted various counterclaims.[7] [DE-96]. Plaintiff filed an answer to Defendants' counterclaims. [DE-97].

Defendants individually served their first set of interrogatories on June 24, 2013, and collectively served their first requests for documents on June 28, 2013. [DE-115] Exs. 3-7. Plaintiff served his Rule 26(a)(1) disclosures on July 16, 2013, [DE-115] Ex. 1, and responded to Defendants' first written discovery requests on August 6, 2013, [DE-115] Ex. 9. On August 9, 2013, Plaintiff served his first requests for documents, [DE-122] Ex. 1, and Defendants responded on September 12, 2013, [DE-122] Ex. 2. Plaintiff and Defendants' cross motions to compel followed. Since the filing of the motions, Plaintiff was deposed on January 28, 2014. Subsequently, at the court's direction, Defendants filed a status report on outstanding discovery requests, [DE-134], and the court held a telephonic hearing on April 14, 2014, regarding the parties' cross motions to compel, [DE-139].

## II. LEGAL STANDARD

Whether to grant or deny a motion to compel is generally left within the district court's broad

---

[5] The district court in Pennsylvania disposed of the following counterclaims: (1) counts IV, VI, IX, and XI dismissed without prejudice for failure to join necessary parties to the contract, [DE-70] at 27; (2) count VII dismissed with prejudice, *id.* at 31; (3) count I, with respect to breach of fiduciary duty as an attorney, dismissed without prejudice, *id.* at 33; and (4) count II, with regard to a claim for unjust enrichment, dismissed without prejudice, *id.* at 36.

[6] In an April 1, 2014 order, the court extended various deadlines. [DE-135].

[7] Defendants reasserted counterclaims previously dismissed by the district court in Pennsylvania. *See* [DE-74, -96].

discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for

discovery on each other, including interrogatories and requests for production of documents. *See*

*generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense . . . . For good cause, the court may order discovery of
> any matter relevant to the subject matter involved in the action. Relevant information
> need not be admissible at the trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal

construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-

CV-62-BO, 2000 WL 33672978, at \*4 (E.D.N.C. Sept. 27, 2000); *Spell v. McDaniel*, 591 F. Supp.

1090, 1114 (E.D.N.C. 1984) ("Rules 26 through 37 of the Federal Rules have been interpreted

liberally to allow maximum discovery.").

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance

has been "broadly construed to encompass 'any possibility' that the information sought may be

relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin.*

*LLC*, No. 1:06-CV-889, 2007 WL 1726560, at \*3 (M.D.N.C. June 13, 2007) (quoting *Merrill v.*

*Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Mainstreet Collection, Inc. v.*

*Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly

construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that

could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v.*

*Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance

for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

However, "[the] court may, for good cause, issue an order to protect a party or person from

4

annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; . . . or (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). Furthermore, it is well-settled that the party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. *See Mainstreet*, 270 F.R.D. at 241.

Parties must respond truthfully, fully, and completely to discovery or explain truthfully, fully, and completely why they cannot respond. *See id.* (citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996)). Gamesmanship to evade answering as required is not allowed. *Id.*; *see also Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988) ("The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage.").

Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." The party resisting discovery bears the burden of showing why it should not be granted. *Mainstreet*, 270 F.R.D. at 241 (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) & *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W. Va. 1970)). Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *see also Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999). "At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc.*, 437 U.S. at 351 (quoting *Hickman v. Taylor*, 329 U.S. 495,

5

507 (1978)). Thus, "[d]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351-52 (quoting Fed. R. Civ. P. 26(b)(1)).

Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(4). All objections must be stated with specificity, and any objection not raised is waived. *Id.* "If the objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26." *Id.* Rule 33(d) allows a party to produce business records which contain answers to the interrogatories and require the interrogating party to examine the records to obtain the answers.[8] To comply with Rule 33(d) though, a party is required to meet certain requirements.

The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories. 8B *Wright, supra*, § 2178, at 330. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. 8B *Wright, supra*, § 2178, at 336. Document dumps or vague references to documents do not suffice. *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D.N.C. 1998) (220 boxes); *In re Bilzerian*, 190 B.R. 964 (Bankr. M.D. Fla. 1995) (28 boxes). Depending on the number of documents and the number of interrogatories, indices may be required. *O'Connor v. Boeing North Am., Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999).

---

[8] (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

  (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

  (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

*United States Sec. & Exch. Comm'n v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002);

*see also Hillyard Enter., Inc. v. Warren Oil Co., Inc.*, No. 5:02-CV-329, 2003 WL 25904133, at \*2

(E.D.N.C. Jan. 31, 2003) ("However, [Rule 33(d)] is subject to the following important limitation:

'A specification shall be in sufficient detail to permit the interrogating party to locate and to identify,

as readily as can the party served, the records from which the answer may be ascertained.'"). "This

provision of Rule 33(d) is meant to 'make it clear that a responding party has the duty to specify, by

category and location, the records from which answers to interrogatories can be derived." *Hillyard*,

2003 WL 25904133, at \*2 (quoting *Am. Rockwool v. Owens-Corning Fiberglas Corp.*, 109 F.R.D.

263, 266 (E.D.N.C. 1985) (citation omitted)).

Federal Rule of Civil Procedure 34 governs document production requests. Pursuant to Rule

34, a party may request that the opposing party "produce and permit the requesting party . . . to

inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible

things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The

party served with a document production request may object to the request if a legitimate basis for

doing so exists. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C). Thus, a party may object that a document

production request exceeds the scope of discovery permitted by Rule 26(b)(1); that the request

should be denied on the grounds stated in Rule 26(b)(2)(C); that the request impermissibly seeks

privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be

produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to

document production requests must be stated with particularity and specificity; objections may not

be "boilerplate." *See Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson. v. Dep't of*

*HUD*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill*, 196 F.R.D. 35, 38-39

(D. Md. 2000).

Rule 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Rule 34 'control' does not require a party to have legal ownership or actual physical possession of any [of the] documents at issue." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation omitted). Instead, "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." *Id.* (citation and internal quotation marks omitted); *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 563-65 (D. Md. 2006). However, Rule 26(b)(2)(C) instructs the court to "limit the frequency or extent of discovery otherwise allowed" if, inter alia, "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Additionally, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests . . . ." Fed. R. Civ. P. 34(b)(2)(E)(I); *see also E.E.O.C. v. Altec Indus., Inc.*, No. 1:10-CV-216, 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012); *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991). A party which opts to produce documents as maintained in the usual course of its business bears the burden of demonstrating that the documents were produced in this manner. *DE Techs, Inc. v. Dell, Inc.*, 238 F.R.D. 561, 566 (W.D. Va. 2006). With these legal precepts in mind, the undersigned considers the cross motions to compel.

### III. ANALYSIS

A.    Defendants' Motion to Compel

Defendants' motion to compel seeks an order compelling Plaintiff to provide complete initial disclosures, Defs.' Mot. [DE-120-4] ¶¶ 1-2, and to make full and complete responses to (1) Rial's Interrogatory No. 1(a), 1(g), 1(i), and 1(j), *id.* ¶¶ 3-5; (2) Innsbrook's Interrogatory No. 1(a), 1(b)-(e),

8

1(g), 1(h), and 1(i), *id.* ¶¶ 6-10; (3) Alois Rieder's Interrogatories Nos. 1, 2, 4, and 5, *id.* ¶¶ 11-14; and (4) Richard Rieder's Interrogatories Nos. 1 and 4, *id.* ¶¶ 15-16. Defendants also seek an order compelling Plaintiff to produce documents responsive to Defendants' document requests Nos. 1-37. *Id.* ¶ 17.

### i.   *Initial Disclosures*

Defendants contend that Plaintiff's initial disclosures, as originally provided and as supplemented, are incomplete and Defendants request that Plaintiff complete his disclosures. Plaintiff provided his initial disclosures to Defendants on July 16, 2013, [DE-115] Ex. 1, and Defendants requested in a letter to Plaintiff's counsel dated August 1, 2013, that Plaintiff supplement his initial disclosures, [DE-115] Ex. 8. Plaintiff provided Defendants with supplemented initial disclosures on August 13, 2013. [DE-115] Ex. 2. In their motion, Defendants contend that Plaintiff's initial disclosures are inadequate because they fail to satisfy the requirements of Rule 26(a)(1)(I) and (iii) to identify all witnesses and their contact information and Plaintiff's disclosures fail to provide a complete computation of damages. Defs.' Mot. at 7. Plaintiff stated in his response that he is unable to provide a computation of his alleged damages regarding his breach of oral contract claim because Defendants have not provided Plaintiff with the total project revenues. Pl.'s Resp. Mem. [DE-125 through 128] at 4.

Defendants' status report submitted March 31, 2014, indicates that all issues concerning Plaintiff's initial disclosures have been resolved except for the computation of damages. [DE-134] at 3-4. Additionally, Defendants inform the court that on March 7, 2014, they provided Plaintiff with total project sales revenues, the information Plaintiff indicated was required for him to provide the requested damages computation. *Id.* Providing the requested damages calculation poses no undue burden to Plaintiff and such information squarely falls within Rule 26(a)(1)(A)(iii). Moreover,

9

Defendants have provided Plaintiff with the information he claims prevented him from calculating a damages amount. Accordingly, Defendants' motion to compel is denied as moot for the portions resolved and granted as to the portion requesting a complete disclosure on alleged damages. Plaintiff must supplement his initial disclosures as to damages within 21 days after entry of this order.

## ii. Innsbrook's Interrogatories

Defendants' motion requests that Plaintiff be required to provide a more complete answer to Innsbrook's Interrogatory No. 1(a)-(e), (g)-(i).[9] Defs.' Mot. at 8-9. Defendants' status report indicates that the parties have resolved the dispute over certain portions of Interrogatory No. 1 included in Defendants' motion and the court hereby denies as moot the portions of the motion relating to these discovery requests. [DE-134] at 3-4. The portions of Interrogatory No. 1 still necessitating the court's attention include 1(b)-(e), (g), and (i).[10] Id. Plaintiff responded to this

---

[9] Defendants' motion seeks a response to Innsbrook's Interrogatory No. 1(h), however, Defendant Innsbrook's supporting memoranda does not discuss this interrogatory subpart and the status report omits any reference to it. Accordingly, the court denies without prejudice Defendants' motion as it relates to Innsbrook's Interrogatory No. 1(h).

Also, Defendants' motion seeks a response to Innsbrook's Interrogatory No. 1(a), but the language of Innsbrook's Interrogatory No. 1(a) does not align with what Defendants state in their motion. Additionally, Defendants' status report misstates what is requested by Innsbrook's Interrogatory No. 1(a). Defendants have failed to adequately define what discovery request their motion addresses. Accordingly, the court denies without prejudice Defendants' motion as it relates to Innsbrook's Interrogatory No. 1(a).

[10] Interrogatory No. 1(b)-(e), (g), and (i) states:
With regard to the allegation contained in paragraph 22 of Your Second Amended Complaint that You "managed and supervised all aspects of the Albemarle Sound development" set forth all underlying facts to support this allegation. In making Your response, provide:

. . .
b. Identify all contracts for work, services, or materials for the Project ("Project Contracts");
c. Identify all persons or entities that performed work or provided services or materials on the Project ("Project Vendor");
d. Identify the e-mail addresses and phone numbers used to communicate with any Project Vendor. Include in Your response the e-mail address(es) and phone number(s) You used as well as the e-mail address(es) and phone numbers of any Project Vendor as well as the time period during which these were used.
e. If the Project Contract was with an entity, Identify the person(s) to which You communicated with from that entity;

. . .
g. Describe the process for obtaining bids and awarding contracts as to each Project Contracts;

. . .
i. Identify the entity that compensated each contracting party for each Project Contract, and from which

10

interrogatory on August 6, 2013. [DE-115] Ex. 9.

    a.    Interrogatory No. 1(b) through (e)

Plaintiff's response to 1(b) through (e) included a list of approximately 90 names of individuals and business entities, without identifying contact information, relevant contracts, or entity representatives as requested. [DE-115] Ex. 9. Plaintiff's response also directed Defendants to peruse documents provided in a flash drive, Plaintiff's Rule 26 Disclosure documents, and "additional information regarding contracts, bids and invoices as part of SW 823-826, 830-841, 882-902, being produced herewith." *Id.* Defendants contend Plaintiff has failed to adequately respond, and that to the extent Plaintiff seeks to invoke Rule 33(d), his response is unacceptable because "the information requested is not on the[] documents."[11] Defs.' Mem. [DE-118] at 7.

The undersigned's review of the motions, supporting memoranda, responses, and attached exhibits indicate that both Plaintiff and Defendants are in physical possession of documents containing responsive information, whether originals or copies, and that the crux of this discovery dispute appears to relate to which party bears the burden of identifying responsive information contained in the documents.[12] Indeed, Plaintiff asserts that his interrogatory response is sufficient

<hr />

bank account each payment was made.

[DE-115] Ex. 4 at 5-6.

[11] Defendants have not submitted the referenced documents as part of their motion.

[12] Defendants indicate they came into possession of a large number of documents concerning the Innsbrook Project from litigation between Bobby Ware ("Ware") and the Corporate Defendants for monies Ware claimed to be owed for work he completed on the Innsbrook Project. [DE-96]. During the earlier lawsuit between Ware and Defendants, Defendants requested the Plaintiff "turn over all documents related to payments and correspondence with Ware on the [Innsbrook] Project." *Id.* at 48 ¶ 175. Defendants indicate that in response to their request, Plaintiff "turned over approximately four bankers boxes of documents." *Id.* at 48 ¶ 176. After the litigation involving Ware resolved, Defendants requested that all files in Plaintiff's possession relating to Corporate Defendants be turned over and Plaintiff subsequently turned over 40 bankers boxes of documents. *Id.* at 48 ¶ 177. Plaintiff's deposition supports these facts. Pl.'s Dep. [DE-134] Ex. 1, 47:3-51:20.

    Additionally, Plaintiff acknowledged in his deposition that despite turning many original documents over to Defendants, he maintains some records of his own, some of which are copies of original documents sent to

because he "should not have to pour [sic] through thousands of pages of documents to identify every contract that was ever on [the Innsbrook] project, especially when the defendants can obtain that information by reviewing the documents themselves." Pl.'s Resp. Mem. [DE-126] at 8. While Plaintiff does not mention Rule 33(d) specifically, Plaintiff appears to rely on Rule 33(d) in responding to the interrogatory requests at issue and in referring to documents already in Defendants' possession. Considering these facts, the court now addresses the dispute as to Defendants' interrogatories.

Here, Plaintiff supplied a brief written response to Interrogatory No. 1(b) through (e) and then instructed Defendants to look through a collection of documents for the additional information requested in the interrogatory. The documents have not been organized according to the interrogatory to which they are responding thereby making Plaintiff's response more akin to a document dump. The court agrees with Defendants that Plaintiff's written response is inadequate and the portion of Plaintiff's response making reference to documents does not satisfy requirements of Rule 33. Generally, "[r]ule 33 production is [best] suited to those discovery requests requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." *The United Oil Co., Inc., v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005); *see Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007). When responding pursuant to Rule 33, the producing party must sufficiently specify the actual documents where the information will be found. *See Elfindepan*, 206 F.R.D. at 576-77.

Although Defendants came into possession of numerous documents related to the Innsbrook

---

Defendants. Pl.'s Dep. 47:16-48:24; *see also* Pl.'s Resp. Mem. [DE-126] at 9 (noting that "Stillwagon produced copies of photocopied documents he retained and "documents saved on his computer pertaining to the Innsbrook Project").

12

Project as part of the earlier lawsuit with Ware, Plaintiff remains in possession of a great deal of documents, albeit copies, related to the Innsbrook Project which may contain information responsive to this interrogatory. Pl.'s Dep. 47:3-49:9. Here, the burden of ascertaining responsive information from the documents is greater for Defendants than for Plaintiff. Plaintiff has superior familiarity with the documents at issue as he was the individual responsible for overseeing development of the Innsbrook Project and this interrogatory poses many questions of fact which require the exercise of knowledge possessed by Plaintiff, the responding party. Since Plaintiff has a working knowledge of the requested information and the situation poses a lesser burden on Plaintiff to ascertain the answer from the documents, Plaintiff's response is inadequate. Plaintiff can provide a more complete written response upon conducting a review of the documents he claims contain responsive information or Plaintiff can better identify for Defendants the documents containing responsive information to satisfy his burden under Rule 33(d). Accordingly, Defendants' motion is granted as to Interrogatory No. 1(b) through (e) and as directed below Plaintiff must supplement his response to include all responsive information or direct Defendants to specific documents containing responsive information in accordance with Rule 33(d) within 21 days after entry of this order.

b.     Interrogatory No. 1(g)

In response to this interrogatory, Plaintiff has provided no information regarding his involvement in the bidding process as requested, despite his response to No. 1(a) that part of his duties included obtaining bids from engineers and land surveyors. Additionally, this interrogatory subpart requested information as to *each* "Project Contract" and Plaintiff's response makes no mention of specific contracts. [DE-115] Ex. 9 at 2. In response to Defendants' motion, Plaintiff again asserts that he need not provide more specifics on contracts and bids because Defendants have original documents from the Innsbrook Project in their possession.

13

Here, Plaintiff has not supplied any documents pursuant to Rule 33(d) or referred Defendants to any documents, but Plaintiff's response indicates he has the ability to formulate a more complete response based on his acknowledgment that he is in possession of "thousands of pages of documents" which potentially contain responsive information. Pl.'s Resp. Mem. [DE-126] at 8. Plaintiff essentially contends that he should not have to provide a more detailed response because Defendants possess documents containing responsive information. This court addressed a similar argument in *PCS Phosphate Co., Inc. v. Norfolk S. Corp.*, 238 F.R.D. 555 (E.D.N.C. 2006), where a party objected to interrogatories on the grounds that the requesting party was already in possession of the information sought. The court rejected this contention and noted that the objecting party cited no authority supporting his proposition and additionally stated that there may be valid reasons for a party to seek information which it may already possess. *Id.* at 558 (finding that valid reasons for seeking information may include the identification of discrepancies in the parties' respective information). The court finds *PCS Phosphate* sufficiently analogous to the instant case and rejects Plaintiff's argument. Again, Plaintiff is the most familiar with the documents containing the requested information and he has not shown undue burden in providing responsive information to the interrogatory subpart at issue. Accordingly, Defendants' motion is granted as to Interrogatory No. 1(g) and as directed below Plaintiff must supplement his response to include all responsive information within 21 days after entry of this order.

c.     Interrogatory No. 1(i)

Plaintiff's response to Interrogatory No. 1(i) is inadequate. Though not stated in his response to this interrogatory subpart, Plaintiff apparently placed documents responsive to this interrogatory on a flash drive provided to Defendants which included, among other things, Innsbrook's Quick Books financial records. Pl.'s Resp. Mem. [DE-126] at 10. Plaintiff must have placed these

14

financial documents on the same flash drive which allegedly contained responses to Interrogatory No. 1(b)-(e) without demarcating for Defendants which documents were responsive to which subpart. Again, Plaintiff's response is more akin to a document dump which is not appropriate under the circumstances. For reasons stated above, including Plaintiff's superior knowledge of the requested information and increased burden on Defendants to sift through financial records regarding the Innsbrook Project, Plaintiff's response by reference to documents is not justified under Rule 33. Accordingly, Defendants' motion is granted as to Interrogatory No. 1(i) and as directed below Plaintiff must supplement his response to include all responsive information within 21 days after entry of this order.

In sum, Defendants' motion to compel is granted as to Interrogatory No. 1(b)-(e), (g) and (i).

### *iii.   Alois Rieder's Interrogatories*

Defendants' motion requests that Plaintiff be required to provide a more complete answer to Alois Rieder's Interrogatories Nos. 1, 2, 4, and 5. Defs.' Mot. at 9-10. Defendants' status report indicates that the parties have resolved Interrogatories Nos. 1, 4, 5 and portions of 2 and the court hereby denies as moot the portions of the motion relating to these discovery requests.[13] [DE-134] at 6-7. Only Interrogatory No. 2(b) now necessitates this court's review.[14] *Id.* Plaintiff responded to this interrogatory on August 6, 2013. [DE-115] Ex. 9. at 10-15.

---

[13] Defendants' status report does not expressly identify Interrogatory No. 5 as being resolved, however, the court construes paragraph C.4 to refer to Interrogatory No. 5 rather than No. 4 which is listed. [DE-134] at 7. This appears to be a typographical error.

[14] Interrogatory No. 2(b) states:
Identify all law firms that provided legal services to any of the parties to the Termination Agreement during the Relevant Time Period. In making Your response, provide:

. . .

b. Describe the work performed, including Identifying the legal action[.]

[DE-115] Ex. 5 at 5.

15

Plaintiff responded to Interrogatory No. 2, including all subparts, in a total of three sentences. *Id.* at 12. From that response, the court construes Plaintiff's statement that the named law firms "provided various legal services at various times to various parties" to be Plaintiff's intended response to 2(b). *Id.* Plaintiff concludes by stating that he cannot locate the invoices for the various law firms. *Id.* Defendants contend Plaintiff must supplement his response to better describe the legal work performed. Defs.' Mem. [DE-116] at 7. In his response, Plaintiff appears to once again assert that he is relieved from providing a more detailed response because "Defendants have all of the original documents for the Innsbrook project." Pl.'s Resp. Mem. [DE-125] at 7.

Plaintiff states he cannot locate the invoices from the law firms and it does not appear from the parties' statements that Defendants are in possession of the invoices. While appealing at first glance, the fact that Plaintiff does not have invoices presently before him does not relieve himself of the duty to respond more thoroughly. *See Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010) ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.") (citations omitted). Plaintiff has not shown that he does not have or cannot obtain the requested information. Plaintiff has superior knowledge of the requested information and he cannot "ignore information immediately available to him or under his control" which may be responsive to the interrogatory. *See id.* (noting that the answering party cannot avoid giving an answer to an interrogatory by an allegation of ignorance if the party can obtain the information from sources under its control) (citing *N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Div., Forge Div.*, 410 F.2d 953 (6th Cir. 1969)). Here, Plaintiff's conclusory statement that the listed law firms performed "various legal services" is evasive and incomplete and Plaintiff has not demonstrated that he is unable to obtain the information despite efforts he has made

16

to do so. Accordingly, Defendants' motion is granted as to Interrogatory No. 2(b) and as directed below Plaintiff must supplement his response to include all responsive information within 21 days after entry of this order.

### iv. *Richard Rieder's Interrogatories*

Defendants' motion requests that Plaintiff be required to provide a more complete answer to Richard Rieder's Interrogatories Nos. 1 and 4. Defs.' Mot. at 10. Defendants' status report indicates that the parties have resolved Interrogatory No. 1 and the court hereby denies as moot the portions of the motion relating to this discovery request.[15] [DE-134] at 7. Only Interrogatory No. 4 now necessitates this court's review.[16] *Id.* Plaintiff responded to this interrogatory on August 6, 2013. [DE-115] Ex. 9. at 17-18.

Plaintiff responded to Interrogatory No. 4 by providing a list of names for his law firm employees, Rial's employees, and Innsbrook employees. *Id.* at 17-21. Plaintiff's response did not include any address information for the listed individuals or a description of employee duties and responsibilities. *Id.* Defendants contend in their status report that several of Plaintiff's law firm employees have been deposed and that their deposition testimony demonstrates the inadequacy of

---

[15] Defendants' status report misstates what is requested by Richard Rieder's Interrogatory No. 1, however, the court relies on Defendants' assertion that issues concerning this interrogatory have been resolved. [DE-134] at 7.

[16] Interrogatory No. 4 states:

Identify all of Your employees, employees of Your Law Firm, and any employees of any Termination Party during the Relevant Time Period. In making Your response, provide:

a. The full name and address (or, if the current address is not known, the last known address) of the person and his/her telephone number and such other information sufficient to provide full identification of the person;

b. The person's present (or, if the present is not known, the last known) employer, position and their employer, position or positions at the time of their employment, if any; and

c. Describe each employee's duties and responsibilities with respect to any work performed for the parties to the Termination Agreement.

[DE-115] Ex. 6 at 7.

Case 2:13-cv-00018-D   Document 140   Filed 04/23/14   Page 17 of 22

Plaintiff's response. For example, Judy Lassiter provided additional names of employees at Plaintiff's law firm not identified in Plaintiff's response to Interrogatory No. 4, Lassiter Dep. [DE-131-5] Ex. E, 30:17-31:25, and Cheryl Piper indicated that she had addresses for several of the employees listed by Plaintiff, Piper Dep. [DE-134-3] Ex. 3, 62:25-64:12. As such, Plaintiff omitted responsive information and failed to seek out information not within his own knowledge yet immediately available to him from other individuals such as his own employees. *See Nat'l Fire Ins. Co.*, 264 F.R.D. at 238 ("The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.") (quoting *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977)). Accordingly, Defendants' motion is granted as to Interrogatory No. 4 and as directed below Plaintiff must supplement his response to include all responsive information within 21 days after entry of this order.

### v. *Rial's Interrogatories*

Defendants' motion requests that Plaintiff be required to provide a more complete answer to Innsbrook's Interrogatory No. 1(a), (g), (i)-(j). Defs.' Mot. at 7-8. Defendants' status report indicates that the parties have resolved their dispute as to No. 1(a) and (i)-(j) and the court hereby denies as moot the portions of the motion relating to these discovery requests.[17] [DE-134] at 8-9. Only Interrogatory No. 1(g) still necessitates this court's review.[18] *Id.* Plaintiff responded to this

---

[17] Defendants' status report misstates what is requested by Rial's Interrogatory No. 1(a), however, the court relies on Defendants' assertion that issues concerning this interrogatory have been resolved. [DE-134] at 8. Further, Defendants' status report fails to include mention of Rial's Interrogatory No. 1(j), but it appears that paragraph E.3 also relates to No. 1(j) and this issue is resolved. [DE-134] at 8 ("[Plaintiff] is not claiming he is owed any amounts for the $150/hour or $5,000/month fees.").

[18] Interrogatory No. 1(g) states:

As referenced in paragraph 57 of Your Second Amended Complaint [D.E. 47], set forth the basis for Your assertion that You are "entitled to be compensated for his work and management of the 900-acre land development bordering the Albemarle Sound in Bertie County, North Carolina, at the rate of 2.5 percent of the Project revenues, plus hourly compensation for other services at the rate of One Hundred Fifty and 00/100 ($150.00) Dollars per month, for managing the Defendants' holdings in the United States pursuant to an oral agreement with the Defendants." In

18

interrogatory on August 6, 2013. [DE-115] Ex. 9.

Plaintiff responded to this interrogatory with a list of nine properties, or as described, "holdings," belonging to Richard Rieder. [DE-115] Ex. 9 at 24. Defendants request that Plaintiff provide a more specific description of the location for the listed properties. The court finds that only items four through six of the list are insufficiently described. Accordingly, Defendants' motion is granted in part as to Interrogatory No. 1(g) and as directed below Plaintiff must supplement his response to further specify the location of the properties listed in four through six of his response within 21 days after entry of this order.

*vi. Document Requests*

Defendants request that Plaintiff produce documents responsive to Defendants' production requests, Nos. 1-37. Defs.' Mot. at 10. Defendants each state in their individual memoranda that to the extent the court grants relief as to their interrogatories, they seek an order directing Plaintiff to supplement his responses to Defendants' document requests. *See* Defs.' Mem. [DE-116] at 10; [DE-117] at 7; [DE-118] at 10; [DE-119] at 7. The bulk of Defendants' document requests seek documents either relied upon or identified by Plaintiff in responding to Defendants' interrogatories. *See* [DE-115] Ex. 7. The remaining requests appear to be appropriate and within the scope of Rule 26. Plaintiff raised no objections to the requests in his response to Defendants' requests for production. [DE-115] Ex. 9 at 29-30.

Having considered the motion and the parties' arguments, the court instructs that if there are additional responsive documents, copy or original, in Plaintiff's possession, custody or control not

---

making Your response:

. . .

g. Identify all "holdings" as described in Your allegations[.]

[DE-115] Ex. 3 at 5-6.

19

previously produced, Plaintiff must produce or make them available for inspection and copying in accordance with the requirements of Rule 34. Plaintiff shall not refuse to produce documents based on the argument that Defendants are also in possession of said documents from the pre-litigation document turnover in the Ware case. Additionally, to the extent Plaintiff supplements his interrogatory responses based on the court's instruction to respond more fully to the above listed interrogatories, Plaintiff is directed to supplement his production of documents accordingly. *See supra*, III.A.(I)-(v). Therefore, Defendants' motion to compel is granted as to the document requests and Plaintiff is to respond as the court has directed within 21 days after entry of this order.

## B. Plaintiff's Motion to Compel

Plaintiff's motion to compel filed February 6, 2014, seeks an order compelling Defendants to specifically identify the documents supporting Defendants' claims and those Defendants rely on to establish their damages from Plaintiff's alleged misconduct, specifically seeking responses to document requests Nos. 1-19, 22-23, and 30.[19] Pl.'s Mot. [DE-121] at 4-11. Defendants contend that their initial discovery response complies with Rule 34 because they produced responsive documents as they are kept in the ordinary course of business.[20] However, since the filing of Plaintiff's motion, Defendants supplemented their response in an effort to resolve the dispute. Defs.' Resp. [DE-131] at 2-3. The court held a telephonic hearing on April 14, 2014, to further discuss the parties' contentions and the current status of discovery. [DE-139]. At the hearing, Plaintiff's

[19] Plaintiff's motion refers to interrogatories, however, Plaintiff has not attached a copy of interrogatories to his motion. Accordingly, the court denies Plaintiff's motion to compel to the extent it relates to any interrogatories served by Plaintiff on Defendants. *See* Local Civil Rule 7.1(c).

[20] Defendants' responses rely on their previous production during discovery of a large number documents, specifically WAG000001-031730, WAG200000-210880, WARE000001-010157. *See* [DE-122] Ex. 2 at 3-11, 13-14, 17. There is no assertion in Defendants' production responses that Defendants produced the previous documents as they were kept in the usual course of business, but Defendants now assert that they did produce said documents as held in the usual course of business, stating Defendants have maintained the documents Plaintiff turned over to them in the same order.

20

Case 2:13-cv-00018-D Document 140 Filed 04/23/14 Page 20 of 22

counsel acknowledged that Defendants had produced both an initial response and supplemental response to Plaintiff's first requests for production, however, Plaintiff has not withdrawn his motion. Plaintiff's written motion, as discussed above, indicates that Plaintiff objects to the form of Defendants' initial response. While Defendants initial discovery response incorporates thousands of pages of documents previously produced, Defendants have now supplemented and specifically identified various documents responsive to each request. [DE-131] Ex. 2. Now having the combined responses by Defendants, Plaintiff's counsel expressed concern at the hearing regarding the responsiveness of the documents produced by Defendants. For example, Plaintiff sought documents supportive of Defendants' counterclaims of embezzlement and fraud. Although Defendants have produced documents in response to these requests, Plaintiff now contends the substance of those documents may not support Defendants' counterclaims. When asked by the court whether Plaintiff continued to object to the form of Defendants' response, now having been supplemented, Plaintiff's counsel stated he no longer objected to Defendants' responses on the grounds asserted in the motion, but sought assurances from Defendants that the documents produced are those on which Defendants in fact rely upon to support their allegations.

Plaintiff's challenge is to the veracity of Defendants' representation that the documents produced are in fact responsive. Where, as here, Defendants have produced documents, yet Plaintiff simply doubts their responsive nature, Plaintiff's circumspection is not a sufficient basis on which to compel discovery, especially where it is not otherwise clear to the court how the documents are deficient. Plaintiff's document requests, Nos. 1-19, 22-23, and 30, appear to be permissible under the rules governing discovery.[21] With Plaintiff having no continued objection to the form of

---

[21] Any objections stated by Defendants in their discovery responses have not been reasserted or discussed in regards to the instant motion to compel. Therefore, the court finds these objections have been abandoned in the instant matter. *See Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 623 (D. Kan. 2005) (finding objections

21

Defendants' responses, there are no grounds raised by Plaintiff upon which this court might grant Plaintiff's motion. Accordingly, having considered the parties' contentions, both in the motion and as stated at the hearing, and the applicable law, the court denies as moot Plaintiff's motion to compel a further response. Finally, as it relates to ongoing discovery, the parties are admonished to remain mindful of their continuing obligation to supplement discovery in a timely fashion accordance with Fed. R. Civ. P. 26(e).

## IV. CONCLUSION

For the foregoing reasons and as set forth above, Defendants' motion to compel [DE-115] is GRANTED IN PART and DENIED IN PART. In sum, Defendants' motion is granted on the merits with respect to: (1) initial disclosure of damages; (2) Innsbrook's Interrogatory No. 1(b)-(e), (g), and (i); (3) Alois Rieder's Interrogatory No. 2(b); (4) Richard Rieder's Interrogatory No. 4; (4) Rial's Interrogatory No. 1(g); and (5) document requests Nos. 1-37. Plaintiff shall provide supplemental responses within 21 days after entry of this order as to the parts of Defendants' motion granted on the merits. Plaintiff's motion to compel [DE-121] is DENIED AS MOOT. Both parties are reminded of their continuing obligation to supplement discovery. Each party shall bear its own expenses incurred in connection with the motions.

SO ORDERED, this the 23rd of April 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

abandoned when not raised in the motion to compel).

22