IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-18-D

| | |
|---|---|
| WILLIAM C. STILLWAGON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| INNSBROOK GOLF & MARINA, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On June 20, 2014, defendants filed a joint motion with a supporting memorandum to compel an enlargement of time to complete Stillwagon's deposition [D.E. 142, 143]. Stillwagon responded on July 7, 2014 [D.E. 154]. On June 30, 2014, defendants filed a joint motion with a supporting memorandum for an order to show cause for Stillwagon's alleged failure to comply with a discovery order [D.E. 146, 147]. Stillwagon responded on July 17, 2014 [D.E. 159]. On June 30, 2014, defendants filed a joint motion with a supporting memorandum to compel responses to defendants' third set of requests for production [D.E. 148, 149]. Stillwagon responded on July 17, 2014 [D.E. 160]. On June 30, 2014, defendants filed a joint motion with a supporting memorandum to compel responses to defendants' first request to admit [D.E. 150, 151]. Stillwagon responded on July 17, 2014 [D.E. 161]. On June 30, 2014, defendants filed a joint motion with a supporting memorandum to compel reimbursement of costs associated with producing documents from third parties [D.E. 152, 153]. Stillwagon responded on July 15, 2014 [D.E. 158].

After the parties filed these motions and responses, this court, in two separate orders, granted summary judgment to defendants on Stillwagon's claims for breach of the written severance agreement and breach of an oral contract [D.E. 169, 176].

The court first reviews defendants' motion to compel an enlargement of time to complete Stillwagon's deposition [D.E. 142]. A decision to grant or deny a motion to compel falls within the court's broad discretion. See, e.g., United States v. Clarke, 134 S. Ct. 2361, 2368 (2014); Brown v. Plata, 131 S. Ct. 1910, 1935 (2011); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). After reviewing the transcript of Stillwagon's original deposition, see [D.E. 154-3], and the associated filings, the court grants defendants' motion for additional time to complete Stillwagon's deposition concerning defendants' counterclaims. See Fed. R. Civ. P. 30(d)(1). Defendants may depose Stillwagon for an additional four hours in Pittsburgh, Pennsylvania, at a mutually agreeable time and date within 45 days of this order.

Next, the court considers defendants' motion to show cause for plaintiff's alleged failure to comply with the court's discovery order [D.E. 146]. Defendants allege that Stillwagon has not produced all responsive documents or fully responded to interrogatories. See id. 1–3. The court will not guess how many pages Stillwagon stores per filing cabinet drawer or the extent of his records. Cf. [D.E. 147] 4–5. Within 21 days of this order, Stillwagon shall either produce all responsive documents that he has not yet produced to defendants and supplement his answer to defendants' interrogatories, in compliance with Magistrate Judge Jones's April 23, 2014 order, see [D.E. 140], or he will submit a sworn affidavit to the court stating that he has complied with the order to the best of his abilities and resources. Otherwise, the court will consider sanctions against him and his attorneys. Cf. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995) (describing range of possible sanctions).

Next, defendants move to compel responses to a third set of requests for production [D.E. 148]. Rule 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense," including inadmissible information if its discovery "appears reasonably calculated to

2

lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), relevance means "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

In light of the court's orders granting summary judgment to defendants on Stillwagon's breach of contract claims, the requests for production of documents concerning Stillwagon's CLE courses (request one), law firm billing records (request five), and contact information (request nine), are moot and are therefore denied. As for defendants' request for Stillwagon's accounting and tax records for himself and his law firm before 2004 (request two), the request falls outside the scope of defendants' counterclaims and is denied. As for defendants' request for Stillwagon's production of all of defendants' tax or accounting records within his control (request three), the court grants the motion to compel. Within 21 days of this order, Stillwagon shall produce to defendants all documents within his possession, custody, or control, that refer or relate to defendants' tax or accounting records.

Next, defendants have moved to compel Stillwagon's response to certain requests to admit [D.E. 150]. Rule 36 permits a party to serve on another party a request to admit the truth of any matters related to "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). As for defendants' request to admit ("RTA") numbers 1 and 2, which relate to the authenticity of thousands of documents that Stillwagon produced to defendants, the court sustains Stillwagon's objection that these requests to admit are overly burdensome. As for defendants' RTA number 207, the court finds that Stillwagon adequately denied the request. As for defendants' RTA numbers 219–221, the court grants

3

defendants' motion. Within 21 days of this order, Stillwagon shall admit or deny defendants' RTA numbers 219–221.

Finally, the court considers defendants' motion for reimbursement of costs associated with producing documents from third parties [D.E. 152]. Defendants request reimbursement of $12,290.18 for costs they incurred during discovery in producing documents that Stillwagon requested. See Defs.' Mem. Supp. Mot. Reimbursement [D.E. 153] 6; Pl.'s First Set Reqs. For Produc. [D.E. 153-1] (requests six and ten). Rule 34 of the Federal Rules of Civil Procedure requires that a party make documents available for inspection and copying, but it does not require that the producing party bear the costs of copying. See Fed. R. Civ. P. 34(a)(1); Cardenas v. Dorel Juvenile Grp., Inc., 230 F.R.D. 611, 619–20 & n.31 (D. Kan. 2005) (collecting cases); Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293, 297 (W.D.N.Y. 1996). In their response to Stillwagon's request for production, defendants offered to let Stillwagon inspect and copy the documents or to share the costs of converting them to electronic form. See [D.E. 153-2] 10. The record does not reflect Stillwagon's response. Defendants made five total disclosures to Stillwagon in response to Stillwagon's request for production, with half of the total cost constituting defendants' requested reimbursement of $12,290.18. See [D.E. 153-3–153-7].

Stillwagon argues, in part, that Rule 26(a)(2)(B) requires defendants to provide the documents free of charge because their experts "relied upon the vast majority of documents [d]efendants subpoenaed." Pl.'s Mem. Opp'n Mot. Reimbursement [D.E. 158] 3. Rule 26 requires an expert's report to contain "the facts or data considered by the witness in forming [the opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). The court reads Rule 26 consistently with Rule 34: defendants must make available to plaintiff the facts or data that the expert witnesses considered in forming their opinions, but defendants need not bear the total cost of copying those documents for Stillwagon's

4

use.[1] Furthermore, the court rejects Stillwagon's reliance on Zubulake v. UBS Warburg LLC, 216 F.R.D. 280 (S.D.N.Y. 2003). Unlike Zubulake, defendants' motion concerns a division of costs for document production and not a costly and complicated endeavor to recover deleted emails from backup tapes in search of relevant evidence. Defendants produced the documents in question at Stillwagon's request and they are entitled to reimbursement for costs incurred in this production. Thus, the court grants defendants' motion for reimbursement of $12,290.18 in costs.

In sum, the court GRANTS IN PART defendants' motions to compel an enlargement of time to depose Stillwagon [D.E. 142], to compel responses to defendants' third request for production [D.E. 148], and to compel Stillwagon's response to defendants' requests to admit [D.E. 150]. Furthermore, the court GRANTS defendants' motions to show cause [D.E. 146] and for reimbursement of costs [D.E. 152].

SO ORDERED. This 4 day of February 2015.

JAMES C. DEVER III
Chief United States District Judge

---

[1] Stillwagon made his request for production of the documents in August 2013, well before any of defendants' experts submitted a report subject to Rule 26.

5